UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| 80/20, INC., | ) | |
| | ) | CAUSE NO. 1:13CV262 RLM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN DOE, d/b/a TNUTZ, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, 80/20, Inc. ("80/20"), by its counsel, and for its complaint against John Doe Defendant, doing business as TNutz ("TNutz"), alleges and states as follows:

### PARTIES AND INTRODUCTION

1. 80/20, Inc. is an Indiana corporation doing business at 1701 South 400 East, Columbia City, Indiana 46725-8753.

2. As a leading manufacturer of T-slotted extrusion products and accessories, 80/20 has expended substantial effort and resources to build a valuable reputation and substantial good will in its brand.

3. Upon information and belief, TNutz is an individual, association, or organization doing business on and through the Internet via its own website and an eBay store site. TNutz sends and receives mail and shipments at 477 State Route 11 Champlain, NY 12919, a business address provided by a third party doing business as Border Mail Depot.

4. Instead of pursuing an independent brand identity and creating its own products and accessories, TNutz is unfairly competing with 80/20 by, among other things, falsely representing through its eBay store that numerous products being offered for sale are actual 80/20 products when, in fact, they are not.

5. TNutz has taken great lengths to hide its true identity and physical location from both consumers and competitors. Indeed, TNutz does not disclose its identity or location on its website or its eBay store and, as indicated above, uses a physical address supplied by a different entity as its business address. Moreover, TNutz acquired the domain name for its website through softlayerdomainsprivacy.com in an effort to shield its true identity from the public and identifies "SoftLayer" as both its administrator and technical contact.

6. 80/20 sent a cease and desist letter to TNutz at the Champlain, New York address on May 10, 2013, demanding that its infringement and unfair competition stop and that TNutz compensate 80/20 for the damages incurred by 80/20 in Indiana due to TNutz's conduct. TNutz has ignored this letter and is continuing its illegal activities.

7. Through this action, 80/20 seeks to put a stop to TNutz's illegal conduct and obtain compensation for the violations that have occurred thus far.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over TNutz because (a) it sells and ships products nationally and, upon information and belief, in this district via its website and eBay store; (b) it specifically targets a resident of this district, 80/20, in its advertising campaign via the Internet and (c) the effects of TNutz's acts of infringement and unfair competition are felt by 80/20 in this district.

10. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) and § 1400(a). As noted above, upon information and belief, TNutz does business in this judicial district, has committed acts of infringement and unfair competition in this judicial district, and a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

11.     80/20 is one of the largest manufacturers of T-slotted aluminum extrusion products and accessories in the country.  80/20 has been a leader in this market since its formation.  80/20 sells aluminum extrusion products to over 16,000 customers through a distribution network and through an on-line "garage sale" at http://stores.ebay.com/8020-Inc-Garage-Sale.

12.     Continuously, since at least 1990, 80/20 has marketed its products and services under the trademark "80/20."  As a result of 80/20's substantial time and efforts in using and promoting the "80/20" trademark, its mark has come to enjoy widespread and favorable recognition among the relevant trade as designating origin in 80/20 and represents valuable goodwill to 80/20.  80/20 is the owner of all right, title and interest in the trademark "80/20."  80/20 is also the owner of all right, title and interest in United States Trademark Registration No. 2,699,302.  A copy of this registration is attached as Exhibit A.

13.     TNutz sells T-slotted aluminum extrusion products and accessories through its website http://tnutz.com and eBay at the website http://stores.ebay.com/TNUTZ-T-Slotted-Aluminum-Hardware.  Many of the same products are available for sale and sold through both websites.  At http://tnutz.com, TNutz correctly (and fairly) states that its "hardware is compatible with major manufacturers such as 80/20, T-Slots, etc."  However, through its eBay site, TNutz falsely represents that hundreds of products available for purchase from TNutz are 80/20 products.  TNutz has and had no affiliation whatsoever with 80/20 yet is representing to the public that the companies are affiliated and that TNutz is authorized to sell or distribute 80/20 products. The decision to misrepresent the source and origin of TNutz goods as 80/20 products via the eBay store is intentional and calculated to cause confusion among, and deceive, consumers seeking to purchase actual 80/20 parts from or through 80/20. TNutz has no such

3

authorization and is in fact unfairly competing with 80/20 by selling non-80/20 products under the 80/20 name.

14. TNutz, without 80/20's authorization or permission, has used and may continue to use (unless enjoined by this Court) the mark "80/20" to advertise and sell aluminum extrusion products and/or accessories. TNutz has willfully used 80/20's mark without 80/20's consent and with the intent to capitalize on 80/20's goodwill and well-known reputation. This use is further intended to be used in commerce or in connection with the sale, offering for sale, distribution, or advertising of TNutz's products and has thus damaged 80/20.

## COUNT I
### (Trademark Infringement)

15. 80/20 incorporates by reference herein Paragraphs 1 through 14 above.

16. TNutz had actual and constructive notice of 80/20's federal trademark registrations in "80/20".

17. TNutz has no association or affiliation whatsoever with 80/20, nor does it have consent of 80/20 to use the "80/20" mark.

18. TNutz's use of the "80/20" mark in connection with the promotion, sale, and distribution of T-slotted aluminum extrusion products and accessories in commerce infringes 80/20's rights in its federally registered trademarks, in violation of 15 U.S.C. § 1114(1).

19. TNutz's use of the "80/20" mark constitutes intentional, deliberate, and willful infringement.

20. As a result of TNutz's conduct, 80/20 has suffered irreparable harm for which there is no adequate remedy at law.

21. 80/20 is entitled to injunctive relief against TNutz, restraining further infringement of 80/20's federally registered trademark.

22. As a result of Defendants' conduct, 80/20 has also suffered damages in an amount as of yet determined.

## COUNT II
### (Lanham Act Violation – Passing Off)

23. 80/20 incorporates by reference herein Paragraphs 1 through 22 above.

24. In using 80/20's name and the descriptions of 80/20's products in its eBay store and passing the same off as originating from 80/20, TNutz is falsely designating the origin of these products and is providing a false or misleading description of fact or a false or misleading representation of fact which is likely to cause confusion, or to cause mistake or to deceive others as to the origin, sponsorship, or approval of the goods, services and commercial activities. In short, TNutz is using 80/20's trademarks, reputation, and name to sell its products. This is knowingly false and can be intended to do nothing more than to capitalize on 80/20's goodwill and to deceive consumers of 80/20's products.

25. TNutz's conduct is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26. TNutz's false designations of origin and false representations have irreparably harmed 80/20. Unless restrained, TNutz will cause further irreparable injury, leaving 80/20 with no adequate remedy of law.

27. 80/20 is entitled to injunctive relief against TNutz, restraining further false designations of origin and false representations or descriptions of fact.

28. As a result of Defendants' conduct, 80/20 has also suffered damages in an amount as of yet determined.

## PRAYER FOR RELIEF

WHEREFORE, 80/20 requests the Court to award the following relief:

    A.    Judgment on all counts against TNutz and in favor of 80/20;

    B.    A preliminary and permanent injunction enjoining and restraining TNutz, its subsidiaries, related companies, associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys, and all persons that act in concert and participation with it who learn of the injunction through personal service or otherwise:

    (1)    From using any name or trademark confusingly similar to 80/20's trademarks;

    (2)    From representing through words or conduct that TNutz or its products are authorized, sponsored, endorsed or otherwise connected with 80/20;

    (3)    From any other conduct which causes, or is likely to cause, confusion, mistake, deception or misunderstanding as to the source, affiliation, connection or associate of TNutz's goods and services;

    (4)    From selling any products under false pretenses, including the suggestion that products are actual 80/20 products or that TNutz has some affiliation with 80/20.

    (5)    From further acts of infringement or unfair competition;

    C.    An accounting of and award to 80/20 in the amount of:

    (1)    TNutz's profits as a result of its misconduct;

    (2)    Damages sustained by 80/20 on account of TNutz's misconduct;

    (3)    Enhanced damages pursuant to 15 U.S.C. § 1117; and

    (4)    Punitive damages;

    D.    An award of actual damages and any profits by TNutz attributable to infringement of 80/20's trademarks pursuant to 15 U.S.C. § 1117(a) and/or statutory damages pursuant to 15 U.S.C. §1117(c);

E.  An award of reasonable attorneys' fees, this being an exceptional case, pursuant to 15 U.S.C. § 1117(a);

F.  Destruction of all catalogs, advertisements, promotional materials or other materials in TNutz's possession, custody or control bearing the "80/20" mark, and modification of TNutz's website to remove any reference to this mark pursuant to 15 U.S.C. § 1118;

G.  An award of prejudgment and post-judgment interest; and

H.  All other just and proper relief.

## JURY DEMAND

80/20, by counsel, and under Fed. R. Civ. P. 38, demands a trial by jury of all issues triable of right by jury.

Respectfully submitted,

D. Randall Brown (15127-49)
(*randy.brown@btlaw.com*)
Michael E. Wever (26190-02)
(*michael.wever@btlaw.com*)
Michael S. Gallo (30631-29)
(*michael.gallo@btlaw.com*)
600 One Summit Square
Fort Wayne, IN 46802
Telephone: (260) 423-9440
Facsimile: (260) 424-8316

ATTORNEYS FOR THE PLAINTIFF
80/20, INC.

FWDS01 276869v1

# Exhibit A

Int. Cls.: 6, 19 and 20

Prior U.S. Cls.: 1, 2, 12, 13, 14, 22, 23, 25, 32, 33 and 50

Reg. No. 2,699,302

**United States Patent and Trademark Office**    Registered Mar. 25, 2003

## TRADEMARK
## PRINCIPAL REGISTER

### 80/20

80/20, INC. (INDIANA CORPORATION)
1701 SOUTH 400 EAST
COLUMBIA CITY, IN 467258753

FOR: T-SLOTTED ALUMINUM EXTRUSIONS FOR MODULAR FRAMING SYSTEMS, AND METAL ACCESSORIES FOR THE T-SLOTTED ALUMINUM EXTRUSIONS, NAMELY STANCHIONS, JOINING PLATES, SCREWS, NUTS, BOLTS, STUDS, ANCHOR FASTENERS, BUTT FASTENERS, END FASTENERS, WASHERS, T-NUTS, PIVOTS, BRACKETS, HINGES, HANDLES, LATCHES, MOUNTING PLATES, DOOR CATCHES, DOORS, DOOR SLIDE TRACKS, PANELS, PANEL STIFFENERS, MOUNTING BLOCKS, CLAMPS, PANEL RETAINERS, MANIFOLD PLATES, AND LINEAR BEARINGS, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 1-0-1990; IN COMMERCE 1-0-1990.

FOR: NONMETAL ACCESSORIES FOR T-SLOTTED ALUMINUM EXTRUSIONS FOR MODULAR FRAMING SYSTEMS, NAMELY PANELS, DOORS, SPACE WHEELS AND PRE-MOLDED CORNERS, IN CLASS 19 (U.S. CLS. 1, 12, 33 AND 50).

FIRST USE 1-0-1990; IN COMMERCE 1-0-1990.

FOR: NONMETAL ACCESSORIES FOR T-SLOTTED ALUMINUM EXTRUSIONS FOR MODULAR FRAMING SYSTEMS, NAMELY, HANDLES, DOOR CATCHES, NONMETAL WIRE EDGING, PUSH IN FASTENERS, END CAP ASSEMBLIES, BINS, PLASTIC T-SLOT COVERS, TABLE TOPS, HANGERS, CLAMPS, FEET FOR USE ON FRAMING SYSTEMS, AND PLASTIC BEARING PADS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 1-0-1990; IN COMMERCE 1-0-1990.

SER. NO. 76-137,816, FILED 9-29-2000.

EUGENIA MARTIN, EXAMINING ATTORNEY